UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                 Plaintiff,                 Criminal No.15-cr-20309
                                         Hon. Matthew F. Leitman

v.

MICHAEL ALAN PIAR,

                 Defendant.

_____/

## **PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, Plaintiff, the United States of America ("United States") obtained an Indictment on or about May 21, 2015 which charges Defendant MICHAEL ALAN PIAR ("Defendant") with Count One, Distribution of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2), Count Two, Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2), and Count Three, Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

WHEREAS, the Indictment contains a Forfeiture Allegation pursuant to 18 U.S.C. § 2253(a), which provides that, upon conviction of Count One, the Defendant shall forfeit to the United States, among other things, any property used or intended to be used to commit or to promote the commission of the offense, including, but not limited to: One (1) black and grey desktop computer, no known serial number or unique identifier.

WHEREAS, the United States filed a Forfeiture Bill of Particulars on August 24, 2015, which identified the following property for forfeiture: One (1) black and grey desktop computer, no known serial number or unique identifier.

WHEREAS, on September 8, 2015, Defendant pled guilty to Count One of the Indictment, Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2).  In his Rule 11 Plea Agreement, Defendant agreed to forfeit, pursuant to 18 U.S.C. § 2253, his interest in any property involved in the commission of violations of 18 U.S.C. § 2252A(a)(2), including, but not limited to: (a) One (1) blue [sic] and grey colored custom-built computer with a label affixed to the front that reads "Gigabyte powered."  No serial number. (b) One (1) ExcelStor Jupitor 250 GB hard drive, serial number T2A30VB.

WHEREAS, on June 7, 2016, the United States filed a Second Forfeiture Bill of Particulars to further clarify the description of the computer to be forfeited.  The Second Forfeiture Bill of Particulars identified the following as the property that the United States intends to forfeit pursuant to 18 U.S.C. § 2253(a): one (1) black and grey custom built desktop computer, no known serial number with a label affixed to the front that reads "Gigabyte powered" containing one (1) ExcelStor Jupitor 250GB hard drive, serial number T2A30VB seized on April 30, 2015 from the upstairs bedroom located at 74XX Rosemont Avenue, Detroit, MI (the "Subject Property").

WHEREAS, in the Rule 11 Plea Agreement, Defendant acknowledged that he understood that forfeiture is part of the sentence that may be imposed on him in this case and waived the right to challenge any failure by the Court to advise him of this at the time that his guilty plea is accepted pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J).

WHEREAS, in the Rule 11 Plea Agreement, Defendant expressly waived his right to have a jury determine forfeiture pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

WHEREAS, in the Rule 11 plea agreement, Defendant knowingly, voluntarily, and intelligently waived any challenge to forfeiture based on the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

WHEREAS, in the Rule 11 plea agreement, Defendant also waived the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, pronouncement of forfeiture at sentencing and incorporation of forfeiture in the judgment.

NOW THEREFORE, based upon the Indictment, the First and Second Forfeiture Bill of Particulars, the Rule 11 Plea Agreement, the United States' Application for Preliminary Order of Forfeiture, and other information in the record, and pursuant to 18 U.S.C. § 2253, IT IS HEREBY ORDERED that the Subject Property IS FORFEITED to the United States for disposition according to law, and

3

any right, title or interest of Defendant and any right, title or interest that his heirs, successors or assigns, have, or may have, in the Subject Property IS HEREBY AND FOREVER EXTINGUISHED.

**IT IS FURTHER ORDERED** that upon entry of this Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), Rule 32.2 of the Federal Rules of Criminal Procedure, and other applicable rules, the United States shall publish notice of this Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on the internet site, www.forfeiture.gov, for at least thirty consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in any of the Subject Property. Said notice shall direct that any person, other than the Defendant, asserting a legal interest in the Subject Property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property.  Any petition filed by a third party asserting an interest in the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts

4

supporting the petitioner's claim, and the relief sought.

**IT IS FURTHER ORDERED** that after the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

**IT IS FURTHER ORDERED** that pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to Defendant at sentencing and forfeiture of the Subject Property shall be made part of the Defendant's sentence and included in the Judgment. If no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and the United States shall have clear title to the Subject Property as provided under 21 U.S.C. § 853(n). If a third party files a petition for ancillary hearing for the Subject Property, the Court shall enter an Amended Order of Forfeiture and/or a Final Order of Forfeiture that addresses the disposition of any third party petitions as provided under Federal Rule of Criminal Procedure 32.2(c)(2).

**IT IS FURTHER ORDERED** that after this Preliminary Order of Forfeiture becomes the Final Order of Forfeiture and/or after the Court enters an Amended or Final Order of Forfeiture that addresses the disposition of any third party petitions,

the United States shall have clear title to the Subject Property and shall be authorized to dispose of the Subject Property as prescribed by law.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction to enforce this Order and to amend it as necessary pursuant to Federal Rule of Criminal Procedure 32.2(e).

**IT IS SO ORDERED.**

<div style="margin-left:40%">

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

</div>

Dated:  June 9, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 9, 2016, by electronic means and/or ordinary mail.

<div style="margin-left:40%">

s/Holly A. Monda
Case Manager
(313) 234-5113

</div>